PER CURIAM.
The appellant, Charles Wilkerson, challenges the habitual felony offender sentence imposed upon him after he was convicted of attempted robbery. We affirm the judgment and sentence but reverse certain costs imposed upon appellant.
Appellant was charged with attempted robbery in violation of section 777.04 and section 812.13, Florida Statutes (1991), and a jury found him guilty as charged. The trial court adjudicated appellant guilty, classified him as a habitual felony offender and imposed a habitual offender sentence of nine years in prison plus costs. This timely appeal followed.
The appellant raises two points on appeal both of which deal with sentencing. The first point challenges the habitual felony offender sentencing. We find no error in the trial court’s classification of the appellant as a habitual offender nor in the imposition of the habitual offender sentence of nine years in prison. We, therefore, affirm the habitual offender classification and the prison term.
We agree with appellant’s second point on appeal that the trial court erred in imposing certain costs.
First, the trial court erred in assessing $50 in costs pursuant to section 960.20, Florida Statutes (1991). This statute at the time of appellant’s sentencing permitted the imposition of only $20. Thus, we strike $30 of the $50 which was imposed. See Reyes v. State, 20 Fla. L. Weekly D467, — So.2d — (Fla. 2d DCA Feb. 15, 1995).
Second, the trial court erred in imposing $633 as a “cost/fine.” We strike the imposition of this item of costs because no statutory authority was cited for it. See Stallworth v. State, 640 So.2d 218 (Fla. 2d DCA 1994). On remand, the state may seek to reimpose that cost in accordance with the law. See Reyes, — So.2d at-.
Lastly, the trial court erred in imposing $600 in public defender fees. The trial court imposed the fees pursuant to section 27.56, Florida Statutes (1991). The imposition of the fees was improper because it occurred without giving the appellant prior notice. Farmer v. State, 617 So.2d 447 (Fla. 2d DCA 1993) (prior notice is indispensable to the imposition of attorney’s fees under section 27.56(l)(a)). We reverse the assessment of public defender fees. The trial court, however, may conduct further proceedings with prior notice and an opportunity for a hearing. Farmer, 617 So.2d at 447.
*1240 Affirmed in part, reversed in part, and remanded.
RYDER, A.C.J., and SCHOONOVER and QUINCE, JJ., concur.