QUINCE, Judge.
Counsel for appellant filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), which raised two possible issues. We only find merit in the argument that certain probation conditions, costs and fees were improperly imposed.
*1129 The trial court failed to orally pronounce probation condition eight, which requires appellant to submit to and pay for random testing to determine the presence of alcohol or controlled substances. Although submission to testing is a general condition of probation pursuant to section 948.03(l)(j)l, Florida Statutes (1998), the unannounced portion of the condition requiring appellant to pay for said testing is a special condition that must be stricken. Malone v. State, 652 So.2d 902 (Fla. 2d DCA 1995). We affirm all other contested probation conditions pursuant to State v. Hart, 668 So.2d 589 (Fla.1996).
We strike a two dollar court cost and a thirty-three dollar “eost/fine” that were imposed without oral pronouncement. The court must give the defendant an opportunity to be heard before the assessment of any discretionary costs. Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995) (en banc).
Additionally, the trial court erred in its assessment of attorney’s fees. At the sentencing hearing, no exact amount of fees was determined. However, the court entered an order assessing appellant with $1600.00 in attorney’s fees. A defendant has the right to challenge the amount of attorney’s fees assessed pursuant to section 27.56, Florida Statutes (1993). Bull v. State, 548 So.2d 1103 (Fla.1989). Therefore, we reverse the imposition of the $1600.00 assessment. On remand, the state may again assess attorney’s fees provided the appellant is given the right to object to the amount of the fees.
Conviction affirmed, assessment of attorney’s fees reversed, and certain costs and a condition of probation stricken.
THREADGILL, C.J., and SCHOONOVER, J., concur.