PER CURIAM.
The instant case is presented pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Because we find no error affecting the conviction we affirm. We also affirm the sentence except in regard to certain costs and fees imposed as explained below.
In imposing a $125 fee for attorney fees for the public defender, the court did not provide notice to appellant of his right to contest the amount. Accordingly, this fee is stricken. L.AD. v. State, 616 So.2d 106 (Fla. 1st DCA), review denied, 624 So.2d 268 (Fla.1993). Accord Neal v. State, 669 So.2d 1113 (Fla. 1st DCA 1996). In addition, the written order does not contain a citation of statutory authority for imposition of the public defender fee or for the $2 for the County Law Enforcement Training Fund. Bryant v. State, 661 So.2d 1315 (Fla. 1st DCA 1995); Reyes v. State, 655 So.2d 111, 114 (Fla. 2d DCA 1995). Accordingly, we remand for the trial court to strike these improperly imposed discretionary costs without prejudice to their reimposition following the procedures outlined in Reyes and Bryant.
MINER, WEBSTER and LAWRENCE, JJ., concur.