894 So.2d 1084 (2005)
Charles ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-5482.
District Court of Appeal of Florida, Second District.
March 4, 2005.
James Marion Moorman, Public Defender, and Tosha Cohen, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and C. Suzanne Bechard, Assistant Attorney General, Tampa, for Appellee.
*1085 STRINGER, Judge.
We affirm Charles Robinson's convictions and sentences for burglary of a dwelling and petit theft but reverse the imposition of the following discretionary costs and fines in the final judgment: (1) $2 for Criminal Justice Education by Municipalities and Counties pursuant to section 938.15, Florida Statutes (2002); (2) $150 for County Maintenance Fund pursuant to 939.18, Florida Statutes (2002); and (3) fines of $200 for burglary and $100 for petit theft pursuant to section 773.083, Florida Statutes (2002). The $2 and $150 costs are improper because they were not individually pronounced during the sentencing hearing. Gant v. State, 682 So.2d 1137, 1138 (Fla. 2d DCA 1996); Reyes v. State, 655 So.2d 111, 116 (Fla. 2d DCA 1995) (en banc). While the $200 and $100 fines were individually pronounced during the sentencing hearing, the fines are improper because the court did not cite statutory authority and the reference to section 773.083 in the final judgment does not support the imposition of the fines.[1]Washington v. State, 686 So.2d 733, 734 (Fla. 2d DCA 1997); Williams v. State, 674 So.2d 885, 886 (Fla. 2d DCA 1996); Reyes, 655 So.2d at 116. Robinson preserved his challenge to these costs and fines for review by filing a timely motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), which the trial court denied.
Affirmed in part, reversed in part, and remanded.
SALCINES and WALLACE, JJ., Concur.
NOTES
[1] The statutory provision that supports the imposition of the fines is section 775.083, Florida Statutes (2002).