PER CURIAM.
The sole issue raised on appeal by Appellant, Joseph Desile [“Desile”], is whether the written sentence imposed upon a finding of violation of probation fails to conform to the oral pronouncement of the sentence. At the sentencing hearing, the trial court announced that Desile’s probation was revoked and terminated, and sentenced him to three years in prison. The court also announced, “You’re entitled to credit for six months and one day you’ve already served.” The written sentence indicates that Desile will be incarcerated for a term of three years, with credit for time served of only one day.
On August 19, 2004, appellate counsel for Desile filed a Motion to Correct Sentence pursuant to Florida Rule of Criminal Procedure 3.800(b). The motion alleged the pertinent facts, requested an expedited hearing, and noted the applicable deadline of sixty days. On September 20, the trial court ordered the State to file a response. On October 25, 2004, more than sixty days after the motion was filed, the trial court entered an order denying the motion on the ground that the motion failed to attach those portions of the record on appeal that show the oral pronouncement of sentence. The trial court also indicated it was hampered by the lack of a response from the State. On appeal, the state acknowledges the discrepancy between the oral and written sentence, which indicates that Desile has not received credit for time served and orally pronounced. Accordingly, we vacate the sentence and remand for correction.
SENTENCE VACATED; REMANDED.
SHARP, W., GRIFFIN and PLEUS, JJ., concur.