911 So.2d 226 (2005)
Dennis Wayne WALLER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-4029.
District Court of Appeal of Florida, Second District.
September 28, 2005.
*227 James Marion Moorman, Public Defender, and Pamela H. Izakowitz, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellee.
EN BANC
ALTENBERND, Judge.
Dennis Wayne Waller appeals his judgment and sentence for attempted capital sexual battery. We affirm his conviction without further comment. We also affirm the assessment of the $2 criminal justice education cost imposed pursuant to section 938.15, Florida Statutes (2002), because it is now a mandatory cost in Pasco County that the trial court properly imposed without an oral pronouncement and without making a determination of ability to pay. We recede from several earlier cases that conflict with this holding. Finally, we strike and remand for further proceedings that portion of his sentence that requires Mr. Waller to pay a $150 court facilities fee and an $800 public defender lien.

I. THE $2 CRIMINAL JUSTICE EDUCATION FUND FEE
Mr. Waller argues that the $2 criminal justice education fund fee is a discretionary cost that was improperly imposed against him because the trial court did not orally pronounce the cost or determine his ability to pay it. In support of this argument, Mr. Waller relies on this court's opinion in Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995), where we held that the $2 criminal justice education cost imposed pursuant to section 943.25(13), Florida Statutes (1991), was a discretionary cost. However, this court noted in Reyes that the holding might not be controlling if statutes were amended. In Reyes, we stated, "Obviously, the legislature has some ability to shift a cost from one category to the other. Thus, this list may not be accurate in the future." *228 Reyes, 655 So.2d at 117 n. 7. After Reyes, this court reiterated the fact that Reyes was written to apply to the "then-existing legislative framework for costs." Cook v. State, 896 So.2d 870, 873 (Fla. 2d DCA 2005).
In 1997, the legislature renumbered and relocated section 943.25(13). Section 943.25(13) was changed to section 938.15 and relocated from chapter 943, the "Department of Law Enforcement Act," to part III of the court costs statute, which is entitled, "Mandatory Court Costs Authorized By Local Governmental Entities." Ch. 97-271, Laws of Fla.; § 938.15, Fla. Stat. (1997).
The language of the statute did not substantially change, as it still provides that "municipalities and counties may assess an additional $2 for expenditures for criminal justice education degree programs and training courses." § 938.15. We agree with our comment in Reyes that the use of the permissive "may" in the language of the statute confers the option on the local government whether to assess the cost. See Reyes, 655 So.2d at 117. However, the legislature's reclassification of the statute under the subheading of "mandatory costs" demonstrates the legislature's intent that once the local government has required this cost pursuant to an enacted ordinance, it should be imposed as a mandatory cost.
We conclude that the $2 criminal justice education fee is a mandatory cost, which trial courts are free to impose without an oral pronouncement or a determination of ability to pay once it has been established by the appropriate local government.[1] We therefore recede from all cases issued by this court under the new statute to the extent that they have held that the $2 cost imposed pursuant to section 938.15 is a discretionary cost.[2]See Parham v. State, 902 So.2d 287 (Fla. 2d DCA 2005); Robinson v. State, 894 So.2d 1084 (Fla. 2d DCA 2005); Ubertaccio v. State, 892 So.2d 507 (Fla. 2d DCA 2004); Giles v. State, 779 So.2d 546 (Fla. 2d DCA 2001). Pasco County has established a criminal justice education degree and training program that is funded by a mandatory $2 court cost assessed against every person convicted for violation of a state penal or criminal statute or convicted for violation of a county ordinance.[3] Accordingly, we affirm the assessment of this cost in this case.

II. THE LOCAL COURT FACILITIES FEE
The trial court imposed a $150 court facilities fee pursuant to section *229 939.18, Florida Statutes (2002), without conducting an inquiry regarding Mr. Waller's ability to pay. See § 939.18(1)(b); see also Caton v. State, 862 So.2d 901 (Fla. 2d DCA 2003). Mr. Waller preserved this issue by raising it in a motion to correct sentencing error filed pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). The statute authorizing this cost expressly required the trial court to make a finding that the defendant had the ability to pay the additional assessment and that it would not prevent him from making restitution or other compensation to victims and that it would not prevent him from paying child support. See § 939.18(1)(b). Because the trial court did not do so, we strike this cost. On remand, if the trial court conducts the necessary hearing, it may reimpose this cost.
We note that section 939.18 was repealed in 2004. See ch.2004-265, Laws of Fla. Section 939.185 appears to have replaced this section. Effective July 1, 2004, the statute provides for an assessment not to exceed $65, which is imposed without the findings contained in section 939.18. Thus, this is another example where trial courts must apply the applicable law. The holding in this section of this opinion will not apply to costs imposed under section 939.185 for offenses committed on or after July 1, 2004.

III. THE PUBLIC DEFENDER LIEN
The trial court imposed an $800 public defender lien without giving Mr. Waller notice of the lien and the opportunity to be heard. See § 938.29(6), Fla. Stat. (2002);[4]see also Wilkerson v. State, 654 So.2d 1239 (Fla. 2d DCA 1995); Brown v. State, 681 So.2d 834 (Fla. 1st DCA 1996). This issue was also preserved by Mr. Waller by virtue of his motion to correct sentencing error. On remand, this lien may again be imposed, provided that Mr. Waller is afforded notice and an opportunity to contest its amount.
Affirmed in part, reversed in part, and remanded.
FULMER, C.J., and WHATLEY, NORTHCUTT, CASANUEVA, SALCINES, STRINGER, DAVIS, SILBERMAN, KELLY, CANADY, VILLANTI, WALLACE, and LaROSE, JJ., Concur.
NOTES
[1] The Attorney General has issued an opinion suggesting that a county or municipality may require the court to impose the $2 cost only for violations of their own county or municipal ordinances, and not for statutory felonies. See Op. Att'y Gen. 2002-10, 2002 WL 120819 (2002). No appellate court has either adopted or rejected this opinion. This issue has not been preserved in this case and has not been argued in the briefs. Accordingly, we decline to address it at this time.
[2] Several other cases hold that the $2 cost is discretionary and strike its imposition without disclosing the statute under which the cost was imposed. If these cases involved a $2 cost imposed under section 938.15, they are no longer reliable precedent. See Welch v. State, 724 So.2d 651 (Fla. 2d DCA 1999); Watson v. State, 718 So.2d 253 (Fla. 2d DCA 1998); Lazo v. State, 711 So.2d 1303 (Fla. 2d DCA 1998); Higdon v. State, 709 So.2d 572 (Fla. 2d DCA 1998); Wyatt v. State, 708 So.2d 655 (Fla. 2d DCA 1998). Likewise, our opinion today would now appear to conflict with the First District's opinions in Terry v. State, 791 So.2d 1162 (Fla. 1st DCA 2001), and Griffin v. State, 800 So.2d 321 (Fla. 1st DCA 2001), because those opinions followed our earlier approach to this issue.
[3] See Pasco County, Fla. Code of Ordinances art. I, §§ 34-4, 54-1 (1994).
[4] This statute was also amended in 2004; however, the change does not affect Mr. Waller's right to a hearing. See ch.2004-265, Laws of Fla.