LaROSE, Judge.
In this Anders[1] appeal, Jon David Meier challenges his conviction and sentence for lewd or lascivious exhibition. Mr. Meier pleaded guilty, reserving the right to appeal his designation as a sexual predator. He also asserts that the trial court improperly imposed certain costs.[2] After a thorough review of the record, we affirm without discussion Mr. Meier’s conviction, sentence of five years’ prison followed by five years’ sex offender proba *1279 tion, and sexual predator designation. We address the challenged costs.
Mr. Meier challenges the following costs: (1) the $2 criminal justice education fund cost pursuant to section 938.15, Florida Statutes (2001); (2) the $3 juvenile assessment center cost pursuant to section 938.17, Florida Statutes (2001); (3) the $150 court facility fee pursuant to section 939.18, Florida Statutes (2001); and (4) the $800 public defender fee pursuant to section 938.29, Florida Statutes (2001). Mr. Meier argues that these costs should be stricken because they are discretionary costs that the trial court failed to pronounce orally at sentencing. See Reyes v. State, 655 So.2d 111, 116, 121 (Fla. 2d DCA 1995). Mr. Meier preserved these cost issues for appeal by filing a motion to correct sentencing errors under Florida Rule of Criminal Procedure 3.800(b)(2).
The $2 criminal justice education fund cost is a mandatory cost required by an enacted local government ordinance.[3] See Waller v. State, 911 So.2d 226 (Fla. 2d DCA 2005) (en banc). Thus, it need not be orally pronounced. See id. Accordingly, we affirm the assessment of this cost.
Similarly, the $3 juvenile assessment center cost is mandatory because Pasco County requires it pursuant to an enacted ordinance.[4] Cf. Waller, 911 So.2d 226. The trial court correctly imposed this cost without an oral pronouncement.
We strike the $150 court facility fee because it is a discretionary cost that the trial court failed to pronounce orally. See Cruz v. State, 830 So.2d 892, 892-93 (Fla. 2d DCA 2002); Edwards v. State, 814 So.2d 1197, 1198 (Fla. 2d DCA 2002).
We also strike the $800 public defender fee. The State concedes that the trial court imposed this cost without the required notice to Mr. Meier of his right to a hearing to contest the amount. See § 938.29(6); Fla. R.Crim. P. 3.720(d)(1); Edwards, 814 So.2d at 1198; Swinton v. State, 670 So.2d 1128, 1129 (Fla. 2d DCA 1996).
Affirmed in part; court facility fee and public defender fee stricken.
WHATLEY and VILLANTI, JJ., Concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. Cost issues are properly included in an Anders brief. See Palen v. State, 588 So.2d 974, 974-75 (Fla.1991); In re Anders Briefs, 581 So.2d 149, 152 (Fla.1991).

. See art. I, §§ 34-4. and 54-1, Pasco County, Fla., Code of Ordinances (1994).

. See art. I, § 34-7, Pasco County, Fla., Code of Ordinances (1994).