NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

KRISTOPHER HADDOCK,     )
     )
     Appellant,     )
     )
v.     )     Case No. 2D17-2060
     )
STATE OF FLORIDA,     )
     )
     Appellee.     )
_____)

Opinion filed October 19, 2018.

Appeal from the Circuit Court for Lee
County; J. Frank Porter, Judge.

Howard L. Dimmig, II, Public Defender,
and Richard P. Albertine, Jr., Assistant
Public Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, for Appellee.


SILBERMAN, Judge.

     In this Anders[1] appeal, we affirm Kristopher Haddock's convictions and

sentences but remand for the trial court to correct the sentencing documents. See In re

Anders Briefs, 581 So. 2d 149, 152 (Fla. 1991); Mobley v. State, 968 So. 2d 632, 632

_____

     [1]Anders v. California, 386 U.S. 738 (1967).

(Fla. 2d DCA 2007). The trial court had granted Haddock's motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), but no corrections have been made. Therefore, we remand for the trial court to correct the costs by removing the cost imposed pursuant to section 938.10, Florida Statutes (2016), and to reduce the cost imposed pursuant to section 938.085 from $453 to $302. In addition, the trial court shall correct the judgment and sentence to change the description of count one from "Kidnap-False Imprisonment Adult" to "False Imprisonment Adult." The trial court shall also correct the probation order to reflect these changes.

Our affirmance is without prejudice to Haddock's right to file a timely, facially sufficient motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850.

Affirmed and remanded.

CASANUEVA and MORRIS, JJ., Concur.