DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

ANTONIO JAMAL YOUNG,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2024-2323

_____

December 19, 2025

Appeal from the Circuit Court for Hillsborough County; Robin F. Fuson, Judge.

Blair Allen, Public Defender, and Caroline Joan S. Picart, Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, for Appellee.


ROTHSTEIN-YOUAKIM, Judge.

Antonio Young's counsel has filed an *Anders*[1] brief in this misdemeanor case identifying two minor sentencing errors purportedly requiring correction: the trial court's imposition of a $12 probation service fee and a $50 charge for costs of prosecution. The trial court granted Young's motion to correct these errors, but the record does not indicate that an amended judgment and sentence was entered.

_____

[1] *Anders v. California*, 386 U.S. 738 (1967).

We have long recognized that the erroneous imposition of costs may be addressed in an *Anders* brief. *See, e.g., Crowder v. State*, 313 So. 3d 704, 706 (Fla. 2d DCA 2020) (citing *Meier v. State*, 912 So. 2d 1277, 1278 n.2 (Fla. 2d DCA 2005)). We agree that the trial court correctly granted Young's motion as to the $12 probation service fee because section 948.09(1)(a), Florida Statutes (2024), did not authorize the imposition of that fee and because the order of probation separately requires that Young pay $40 monthly plus a surcharge for the costs of probation. In light of the supreme court's recent decision in *Parks v. State*, 411 So. 3d 414 (Fla. 2025), however, which disapproved our decision in *D.L.J. v. State*, 331 So. 3d 227 (Fla. 2d DCA 2021), we conclude that the court did not err in originally imposing $50 for the costs of prosecution under section 938.27(8), Florida Statutes (2024), regardless of whether the State made any such request.

We therefore remand for entry of an amended judgment and sentence that deletes the $12 probation service fee but affirm the original judgment and sentence in all other respects. *See Johnson v. State*, 354 So. 3d 598, 599 (Fla. 2d DCA 2022) (remanding for entry of amended judgment and sentencing documents consistent with the prior grant of a motion to correct sentencing error); *Haddock v. State*, 255 So. 3d 994, 994 (Fla. 2d DCA 2018) (same).

Affirmed and remanded.

KELLY and LABRIT, JJ., Concur.

_____

Opinion subject to revision prior to official publication.