529 So.2d 320 (1988)
Ralph JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 86-2696.
District Court of Appeal of Florida, Second District.
July 27, 1988.
James Marion Moorman, Public Defender, and D.P. Chanco, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
Ralph Jackson, the defendant, was convicted of second degree grand theft. On appeal he raises three points, only one which we find meritorious.
Jackson argues that the imposition of costs on him was improper. At the sentencing, the trial judge said that she was "going to assess an amount for a public defender's lien ... or I will set a hearing." After conferring with Jackson, the defense counsel announced that Jackson felt that the amount set for the public defender was fair and reasonable and he would waive a formal hearing. Jackson argues that the trial court placed on him the burden of seeking a hearing to question or object to the imposition of costs. We think the record indicates that no such burden was imposed. Rather, we find that Jackson expressly waived his right to a hearing on the public defender's lien. Therefore, we find no error in the court's assessment of the costs for the public defender's services.
In assessing the other costs, however, the trial judge failed to cite statutory authority pursuant to which the costs were imposed. Jenkins v. State, 444 So.2d 947 (Fla. 1984). The state did not give Jackson notice of the assessments, and there was *321 no stipulation by Jackson as to their correctness. Therefore, we direct that the assessments be stricken without prejudice to the state seeking reassessment of costs after proper statutory notice to Jackson.
Accordingly, we affirm Jackson's conviction and sentence and the $250 assessment for the public defender's services. We remand to the trial court to strike the remaining costs.
CAMPBELL, C.J., and LEHAN, J., concur.