PER CURIAM.
Steven Lamar Milhouse entered a no contest plea to consumption of alcohol on a public street[1] and possession of cocaine,[2] reserving his right to appeal the denial of his motion to suppress. He was sentenced to six months’ probation concurrent with one year’s probation for possession. He now appeals the judgment and sentence. We affirm the ruling on the motion to suppress, but strike certain costs imposed at sentencing.
The officer had probable cause to arrest the appellant for violating the ordinance against consumption of alcohol on a public street; the appellant was-drinking from a long-neck Budweiser bottle while crossing a public street. See State v. Joyce, 529 So.2d 791 (Fla. 3d DCA 1988). When the officer searched him incident to the arrest, he found a vial of cocaine in one of the appellant’s pockets. We therefore affirm the order denying the appellant’s motion to suppress.
Although we affirm the judgment, we must strike certain costs imposed at sentencing. A $100 assessment for the Hillsbor-ough County Court Improvement Fund is stricken because it is not authorized by statute. Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995) (en banc). Discretionary costs imposed as a lump sum are stricken because they were not individually announced at sentencing. Id. These include $2.00 for criminal justice education authorized by section 943.25(13), Florida Statutes (Supp.1994); $100 for costs of prosecution authorized by section 939.01, Florida Statutes (1993); and $250 for a public defender’s fee authorized by section 27.56, Florida Statutes (1993).
The state may seek to have the authorized costs imposed again. However, before costs of prosecution may be reimposed, the state must prove their amount and the trial court must consider the appellant’s financial resources. Sutton v. State, 635 So.2d 1032 (Fla. 2d DCA 1994). Contrary to the appellant’s argument, in reimposing the public defender’s lien, the trial court need not ascertain that the appellant has the ability to pay. The supreme court has already held that such a determination is only necessary when the state seeks to enforce collection of the fee. State v. Beasley, 580 So.2d 189 (Fla.1991).
Affirmed; improper court costs stricken; remanded.
THREADGILL, C.J., and BLUE and FULMER, JJ., concur.

. Tampa, Fla., Code § 4-4 (1992).

. § 893.13(6)(a), Fla.Stat. (1993).