696 So.2d 913 (1997)
Linda ARMSTRONG, Appellant,
v.
STATE of Florida, Appellee.
No. 95-04316.
District Court of Appeal of Florida, Second District.
July 2, 1997.
James Marion Moorman, Public Defender, and Douglas Chanco, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Anne E. Sheer, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
Linda Armstrong challenges her conviction for possession of cocaine, as well as the lower court's imposition of court costs and a public defender's lien. We affirm her conviction without discussion, but reverse the costs and lien assessments.
The order of probation imposes $300.00 in costs with no citation to statutory authority for the assessment. These costs must, therefore, be stricken. See Smith v. State, 686 So.2d 8 (Fla. 2d DCA 1996) (statutory authority for all costs imposed, whether mandatory or discretionary, must be cited in the written order). On remand, the court may reimpose all authorized costs, provided that it orally pronounces the discretionary costs and recites the statutory bases for those and all mandatory costs. Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995).
The trial court also erred by imposing a public defender's lien without advising Armstrong of her right to a hearing to contest the amount of the lien, as required under Florida Rule of Criminal Procedure 3.720(d)(1). We remand this case with instructions that Armstrong be given thirty days to file a written objection to the amount of the lien. If she files an objection, the lower court must strike the lien, and it may not impose a new assessment without notice and a hearing. Trice v. State, 655 So.2d 1270 (Fla. 2d DCA 1995); Bourque v. State, 595 So.2d 222 (Fla. 2d DCA 1992).
Conviction affirmed, costs stricken, remanded for further proceedings concerning the imposition of costs and the public defender's fee.
DANAHY, A.C.J., and THREADGILL, J., concur.