814 So.2d 1197 (2002)
Zebbie EDWARDS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-116.
District Court of Appeal of Florida, Second District.
April 19, 2002.
James Marion Moorman, Public Defender, and Richard P. Albertine, Jr., Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Sonya Roebuck Horbelt, Assistant Attorney General, Tampa, for Appellee.
*1198 GREEN, Judge.
The appellant, Zebbie Edwards, contends that the trial court erred in imposing a discretionary court cost and in imposing a special condition on her probation. We agree. Edwards also claims that the trial court erred in imposing costs as conditions of probation as opposed to liens in violation of her plea agreement. We affirm on this point without comment.
Edwards filed a motion to correct sentencing errors below pursuant to rule 3.800, Florida Rules of Criminal Procedure, which should have been granted in part. The trial court failed to rule on the motion within the allotted time, and therefore, the motion was deemed denied. See Fla. R.Crim. P. 3.800(b)(1)(A).
Edwards argues that the trial court erred in imposing a discretionary cost without determining her ability to pay the cost and without orally announcing same at sentencing. This court has held that "the court is obligated to consider the defendant's financial resources and other factors in making the decision to assess ... costs." Reyes v. State, 655 So.2d 111, 119 (Fla. 2d DCA 1995). In addition, the court has held that the trial court is required to orally announce discretionary costs. See id. at 116. Because these requirements were not followed, we strike the imposition of $150 cost entered pursuant to section 939.18, Florida Statutes (2001), and remand for further proceedings. The cost at issue may be reimposed provided the court considers Edwards' financial ability to pay the cost and orally announces imposition of the cost. See Armstrong v. State, 696 So.2d 913 (Fla. 2d DCA 1997).
Edwards also contends, and the State concedes, that the trial court erred in imposing a special condition of probation that she pay for her drug evaluation whereas this was not orally announced. As this court explained in Garrison v. State, 685 So.2d 53, 54 (Fla. 2d DCA 1996), a special condition, such as payment for alcohol or drug evaluation, must be stricken where the trial court fails to orally pronounce the special condition at sentencing. Therefore, we strike the special condition requiring Edwards to pay for drug evaluation.
Reversed in part, affirmed in part, and remanded for further proceedings.
BLUE, C.J., and FULMER, J., concur.