830 So.2d 892 (2002)
Nicolas CRUZ, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-938.
District Court of Appeal of Florida, Second District.
November 13, 2002.
James Marion Moorman, Public Defender, and John C. Fisher, Assistant Public Defender, Bartow, for Appellant.
Richard E. Doran, Attorney General, Tallahassee, and Robert J. Krauss, Senior Assistant Attorney General, Tampa, for Appellee.
KELLY, Judge.
Nicholas Cruz challenges his judgment and sentence for felony habitual driving with license revoked. We affirm Cruz's judgment and sentence without discussion, but strike certain costs which were improperly imposed.
The trial court imposed a discretionary $2 fine pursuant to section 775.083, Florida Statutes (1999), and a discretionary $150 cost under section 939.18, Florida Statutes (1999), without orally pronouncing these costs at sentencing. Therefore, we *893 strike the imposition of these discretionary costs. See Reyes v. State, 655 So.2d 111, 116 (Fla. 2d DCA 1995) (en banc) (holding that discretionary costs must be individually announced at sentencing in a manner sufficient for the defendant to know the legal basis for the cost imposed and to have an opportunity to object).
We also strike the requirement that the defendant pay $54 in investigative costs because, although the State requested this cost, it failed to provide supporting documentation. See King v. State, 696 So.2d 860 (Fla. 2d DCA 1997) (holding that all costs of prosecution must be expressly requested by the state agency and supported with adequate documentation).
Finally, we strike a $3 "teen court" cost/fine which was imposed without citation to statutory authority. See Armstrong v. State, 696 So.2d 913 (Fla. 2d DCA 1997) (stating that statutory authority for all costs, whether mandatory or discretionary, must be cited in the written order).
Affirmed in part, reversed in part and remanded.
BLUE, C.J., and CASANUEVA, J., concur.