841 So.2d 585 (2003)
Shawn Michael HUESCA, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-5285.
District Court of Appeal of Florida, Second District.
March 28, 2003.
*586 James Marion Moorman, Public Defender, and Richard P. Albertine, Jr., Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Katherine Coombs Cline, Assistant Attorney General, Tampa, for Appellee.
COVINGTON, Judge.
Shawn Michael Huesca, charged with one count of unlawful manufacture of marijuana, challenges his judgment and sentence. After the trial court denied his dispositive motion to suppress, Huesca pleaded no contest while reserving the right to appeal the denial. While we affirm Huesca's conviction, we find merit in his arguments concerning the sentence rendered.
On appeal, Huesca raises three issues. First, he argues that the trial court erred in denying his motion to suppress. Huesca contends that the police officers unlawfully entered his home without a warrant. The trial court found that exigent circumstances permitted the search; we agree and affirm the trial court's order denying the motion to suppress.
Huesca next submits that the trial court improperly directed the Department of Highway Safety and Motor Vehicles to revoke his license pursuant to section 322.055(1), Florida Statutes (2001). Section 322.055(1) provides, in part, that:
[U]pon the conviction of a person 18 years of age or older for possession or sale of, trafficking in, or conspiracy to possess, sell, or traffic in a controlled substance, the court shall direct the department to revoke the driver's license or driving privilege of the person. The period of such revocation shall be 2 years....
The unlawful manufacture of marijuana is not one of the enumerated offenses contained in the statute.[1] Therefore, the trial court erred when it ordered the Department of Highway Safety and Motor Vehicles to revoke Huesca's license. See Lee v. State, 673 So.2d 990 (Fla. 4th DCA 1996).
Finally, Huesca argues that the trial court improperly imposed discretionary costs pursuant to section 939.18(1)(b), Florida Statues (2001). This court previously has held that "the [trial] court is obligated to consider the defendant's financial resources and other factors in making the decision to assess ... costs." Edwards v. State, 814 So.2d 1197, 1198 (Fla. 2d DCA 2002) (citing Reyes v. State, 655 So.2d 111, 119 (Fla. 2d DCA 1995)). The trial court also is required to orally announce the imposition of discretionary costs. Id.
Here, the record reveals that the trial court failed to orally announce the imposition of costs. Additionally, the record fails to reflect that the trial court considered *587 Huesca's financial resources in its decision to assess costs. Therefore, we strike that condition of probation and remand for further proceedings. On remand, the trial court may assess discretionary costs if it orally announces the imposition of costs and if it properly considers Huesca's financial resources.
Thus, we affirm Huesca's judgment and strike the probation provision directing the Department of Highway Safety and Motor Vehicles to revoke his license for two years. We also strike the probation condition imposing discretionary costs and remand for further proceedings consistent with this opinion.
Affirmed in part, reversed in part, and remanded.
WHATLEY and STRINGER, JJ., Concur.
NOTES
[1] Although we are bound by the statute's plain language, we take this opportunity to comment on the statute's effect in cases such as this one. Included within the statute are the offenses of possession and trafficking, yet the parallel offense of manufacturing is not included. Thus, Huesca's conviction for manufacturing, which is arguably more severe than possession, is not within the statute's ambit. The legislature may want to reexamine the statute and address this disparity.