896 So.2d 870 (2005)
Freddrick Lee COOK, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-5305.
District Court of Appeal of Florida, Second District.
February 25, 2005.
*871 James Marion Moorman, Public Defender, and Lisa Lott, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and C. Suzanne Bechard, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Chief Judge.
Freddrick Cook[1] appeals a judgment withholding adjudication for possession of cocaine and sentencing him to thirty months' probation. We affirm the adjudication without further comment. We reverse that portion of the sentence that requires Mr. Cook to pay $100 to the Hillsborough County Drug Fund. We affirm, however, the imposition of the $100 public defender fee.[2] We take this opportunity *872 to emphasize that our opinion in Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995), did not create common law regarding costs in criminal cases; it merely described the statutory requirements for costs existing in 1995. To the extent that the statutes governing costs have been extensively amended since that time, the descriptions and examples in that case may not remain accurate.
At sentencing, the trial court ordered Mr. Cook to pay $100 to the Hillsborough County Drug Fund "pursuant to Florida Statutes 893.165." Section 893.165, Florida Statutes (2003), provides for the establishment of county alcohol and drug abuse trust funds "for the purpose of receiving the assessments collected pursuant to s. 938.23." Section 938.23, Florida Statutes (2003), permits the imposition of such an assessment on a defendant for a violation of chapter 893, Florida Statutes (2003), "pursuant to the requirements of s. 938.21." In turn, section 938.21, Florida Statutes (2003), permits such assessments "if [the court] finds that the defendant has the ability to pay the fine and the additional assessment and will not be prevented thereby from being rehabilitated or making restitution." Here, the trial court did not consider these factors prior to imposing this discretionary cost and therefore the cost must be stricken from the sentence. See Gunn v. State, 818 So.2d 681 (Fla. 4th DCA 2002). The trial court may again impose this cost if it complies with sections 938.21 and 938.23.
A different result is required, however, for the $100 public defender fee. This fee is governed by section 938.29, Florida Statutes (2003), which provides:
A defendant determined to be guilty of a criminal act by a court or jury or through a plea of guilty or nolo contendere and who has received the assistance of the public defender's office ... shall be liable for payment of attorney's fees and costs. The court shall determine the amount of the obligation.
Section 938.29(6) and Florida Rule of Criminal Procedure 3.720(d) establish a procedure for the trial court to follow in determining the value of the services of the public defender.[3] In this case, contrary to Mr. Cook's contention, the trial court properly followed the procedure required in imposing this cost. See Fla. R. Crim. P. 3.720(d); Woods v. State, 879 So.2d 651, 653 (Fla. 5th DCA 2004).
Pursuant to section 938.29, there is no requirement that the court determine the defendant's ability to pay a public defender's fee prior to imposing this cost. See also Bull v. State, 548 So.2d 1103, 1105 (Fla.1989) (stating that section 27.56, predecessor to section 938.29, "provides for the assessment of fees and costs as a matter of law. It is only the amount which is potentially at issue. There is no constitutional bar to advising an indigent defendant that he may be required to repay the costs of appointed counsel and to collecting those costs at some later time if the defendant becomes solvent."); Milhouse v. State, 673 So.2d 911 (Fla. 2d DCA 1996).
We recognize that language in two recent cases could be misconstrued as requiring a trial court to consider ability to pay in assessing the public defender fee or any other cost considered to be discretionary. In Edwards v. State, 814 So.2d 1197, 1198 (Fla. 2d DCA 2002) (citing Reyes, 655 So.2d at 119), this court stated: "This court has held that `the court is obligated to consider the defendant's financial resources and other factors in making the decision to assess ... costs.'" This language *873 from Edwards was repeated in Huesca v. State, 841 So.2d 585, 586 (Fla. 2d DCA 2003). In both cases, the discretionary costs at issue were imposed pursuant to section 939.18(1), Florida Statutes (2001), which specifically requires a finding of ability to pay. In addition, in both cases the trial court had not orally announced the imposition of the cost. Thus in both cases, this court reached the correct result. However, the Edwards opinion failed to note that the language quoted from Reyes concerned the imposition of costs of prosecution under section 939.01(5), Florida Statutes (1991). See Reyes, 655 So.2d at 119. That statute also specifically required judges to consider "the financial needs and earning ability of the defendant, and such other factors which it deems appropriate" when deciding to assess costs of prosecution.
In Reyes, 655 So.2d 111, this court described the then-existing legislative framework for costs, in large part because those costs were located in nooks and crannies throughout Florida Statutes. In so doing, we explained the general distinction between mandatory costs and discretionary costs. Although much of the discussion in Reyes is still useful, the legislature has since created chapter 938 and has organized the majority of the various mandatory and discretionary court costs in that chapter. The requirements for some of these costs have changed. For example, costs of prosecution are now described in section 938.27, Florida Statutes (2004), and that statute no longer contains the language relied upon in Reyes and quoted in Edwards and Huesca.
In Reyes, we noted that "[s]tatutory costs that are `discretionary' are costs that the trial court may decide to impose or not to impose, depending upon the defendant's ability to pay and other circumstances involved in the case." Id. at 116. This definition distinguishes discretionary costs from the mandatory costs that must be imposed in applicable cases as a matter of law and without consideration of any factual issues. This definition, however, is not intended to compel judges to take evidence on financial issues when the statute does not require such an inquiry. When a statute is silent on this issue, a trial court presumably maintains the discretion and authority to consider a defendant's finances in deciding whether to impose a discretionary cost, but case law does not mandate that consideration.
We reverse that portion of the sentence imposing the $100 cost for the Hillsborough County Drug Fund. The trial court shall strike this cost from the sentence. Because section 938.29 does not require the court to consider the defendant's ability to pay the public defender fee, we find no error in the court's imposition of the $100 fee without considering Mr. Cook's financial circumstances. We otherwise affirm the judgment and sentence.
Affirmed in part, reversed in part, and remanded.
FULMER, J., and THREADGILL, EDWARD F., Senior Judge, Concur.
NOTES
[1] Although Mr. Cook signs his name using the spelling, "Freddrick," our record contains numerous alternate spellings. The judgment itself contains more than one spelling. For identification purposes, we note that Mr. Cook's date of birth is October 18, 1978, and his Department of Corrections number is T36420.
[2] Mr. Cook preserved the sentencing errors by filing a timely motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2).
[3] We note that rule 3.720(d) continues to refer to section 27.56, Florida Statutes (1995). In 1997, section 27.56 was amended and renumbered as section 938.29. See ch. 97-271, § 22, Laws of Fla.