906 So.2d 1128 (2005)
Paul S. STEWART, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-2522.
District Court of Appeal of Florida, Second District.
June 8, 2005.
Rehearing Denied July 29, 2005.
*1129 James Marion Moorman, Public Defender, and Alisa Smith, Assistant Public Defender, Bartow, for Appellant.
Paul S. Stewart, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Donna S. Koch, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Paul Stewart appeals, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), his judgment and sentence for criminal mischief, entered following a no contest plea. Counsel for Stewart filed an initial Anders brief challenging two costs imposed as part of Stewart's sentence. These challenges were raised in a timely motion to correct sentencing error filed pursuant to Florida Rule of Criminal Procedure 3.800(b) and, thus, are preserved for review on appeal. See McLean v. State, 870 So.2d 50 (Fla. 2d DCA 2003). Because the trial court erroneously imposed a $150 court facility fee without making a finding that Stewart had the ability to pay, we reverse and remand for the trial court to strike that cost. We affirm the imposition of the challenged $3 teen court fee, and we affirm without comment as to the issues raised in Stewart's pro se brief.
Stewart challenges the $150 court facility fee imposed pursuant to section 939.18, Florida Statutes (2002), because the trial court failed to make a finding that Stewart had the ability to pay the fee. Section 939.18(1)(b) provides as follows:
The court may order a person to pay the additional court cost if it finds that the person has the ability to pay the additional assessment and will not be prevented thereby from making restitution or other compensation to victims which is authorized by law or from paying child support.
When a trial court imposes the $150 court facility fee without first finding that the defendant has the ability to pay it, the cost will be stricken as erroneously imposed. McLean, 870 So.2d at 50. Accordingly, the trial court in this case erred by imposing the court facility fee without the required finding, and we reverse and remand for the trial court to strike that cost.
Stewart also challenges the $3 teen court fee imposed pursuant to section 938.19, Florida Statutes (2002), because the trial court did not reference the county ordinance authorizing the imposition of such a fee. We affirm the imposition of the teen court fee because the trial court did cite to the statutory authority for the fee, and this is sufficient to support its imposition. See Cruz v. State, 830 So.2d 892, 893 (Fla. 2d DCA 2002) (citing Armstrong v. State, 696 So.2d 913 (Fla. 2d DCA 1997)). However, we note that a *1130 recent opinion of this court directs that future court orders include a reference to both the statutory authority for the teen court fee and the applicable county ordinance. Ayoub v. State, 901 So.2d 311 (Fla. 2d DCA 2005).
In conclusion, we affirm Stewart's judgment and sentence, except to the extent that we reverse and remand for the trial court to strike the $150 court facility fee.
Affirmed in part, reversed in part, and remanded.
DAVIS and CANADY, JJ., Concur.