916 So.2d 53 (2005)
John F. STEWART, a/k/a John F. Steward, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-4525.
District Court of Appeal of Florida, Second District.
December 14, 2005.
*54 James Marion Moorman, Public Defender, and Alisa Smith, Assistant Public Defender, Bartow, for Appellant.
John F. Stewart, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Anne S. Weiner, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
John Stewart challenges his conviction for robbery. We affirm the judgment and sentence without discussion. However, we remand for the trial court to strike from Mr. Stewart's sentence a $50 fine imposed under section 775.083(2), Florida Statutes (2003).
At sentencing, the court imposed "all mandatory costs as a lien." The $50 cost was mandatory under the 2004 version of section 775.083(2) in effect at the time of sentencing: "[C]ourt costs shall be assessed and collected...." However, the court adjudicated Mr. Stewart guilty and sentenced him for an August 29, 2003, robbery. Under the 2003 version of the statute, section 775.083(2)(b) was discretionary and required the court to find an ability to pay: "[T]he court may order the defendant to pay such fine if the court finds that the defendant has the ability to pay the fine...." See Cruz v. State, 830 So.2d 892, 892 (Fla. 2d DCA 2002) (noting that a "fine pursuant to section 775.083, Florida Statutes (1999)," that was identical to the 2003 version, was discretionary). Because the section 775.083(2)(b) fine was discretionary, the court could not impose it without orally pronouncing the fine at sentencing. Id. at 892-93 (citing Reyes v. State, 655 So.2d 111, 116 (Fla. 2d DCA 1995) (en banc)). The court, in this case, announced only mandatory costs at sentencing. Therefore, the trial court must strike the $50 fine.
Judgment and sentence affirmed; remanded with directions.
CASANUEVA, SILBERMAN, and WALLACE, JJ., Concur.