939 So.2d 224 (2006)
ARTURO GONZALEZ, Appellant,
v.
STATE OF FLORIDA, Appellee.
Case No. 2D05-2804.
District Court of Appeal of Florida, Second District.
Opinion filed October 13, 2006.
Heather M. Gray of Bodiford & Associates, P.A., Tampa, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Amanda Lea Colón, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Arturo Gonzalez appeals the judgment, sentence, and fines that were imposed on him after a jury found him guilty of lewd or lascivious molestation against a victim less than twelve years of age. Mr. Gonzalez argues that the trial court erred when it (1) refused to give a definition in the jury instructions for the words "genital" and "genital area"; (2) allowed the State to amend the information at the end of the State's case-in-chief to reflect an offense date of October 8 until October 9, 2003; (3) allowed the State to elicit testimony and argue during closing arguments that Mr. Gonzalez had subsequent contact with law enforcement on an unrelated case; (4) denied his motion for a judgment of acquittal; and (5) added forty points to his sentencing worksheet for sexual contact with the victim. We find no reversible error in the trial court's rulings on these matters, and we affirm Mr. Gonzalez' judgment and sentence without further comment.
In a separate issue, Mr. Gonzalez argues that two separate fines of $50 and $65 for court costs should be stricken because they were discretionary costs and the trial court failed to orally pronounce them at sentencing. On this issue, we agree. The trial court assessed these fines as mandatory costs in accordance with section 775.083(2), Florida Statutes (2004), and section 939.185, Florida Statutes (2004), respectively. These statutes, however, did not take effect until July 1, 2004. Because Mr. Gonzalez' offense date was October 8, 2003, the trial court should have assessed these costs in accordance with the statutes in effect at that time (i.e., section 775.083(2)(b), Florida Statutes (2003),[1] and section 939.18, Florida Statutes (2003)[2]), which required the court to conduct an inquiry into the defendant's ability to pay the fine before imposing it.
Because the trial court imposed both discretionary court costs without conducting the required inquiry concerning Mr. Gonzalez' ability to pay, we strike these costs. On remand, the trial court may reimpose the appropriate costs if it conducts the necessary hearing. See Stewart v. State, 916 So. 2d 53, 54 (Fla. 2d DCA 2005); Waller v. State, 911 So. 2d 226, 229 (Fla. 2d DCA 2005).
Affirmed in part, reversed in part, and remanded.
WHATLEY, SILBERMAN, and WALLACE, JJ., Concur.
NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.
NOTES
[1] The 2004 version of section 775.083 replaced the 2003 version effective July 1, 2004. Ch. 2003-402, § 117, at 3741-42, Laws of Fla.
[2] The Florida legislature repealed section 939.18 effective July 1, 2004. Ch. 2004-265, § 101, at 1026, Laws of Fla. It replaced this section, effective the same day, with section 939.185. Ch. 2004-265, § 88, at 1022-23, Laws of Fla.