945 So.2d 646 (2006)
Robert V. THIBAULT, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-6202.
District Court of Appeal of Florida, Second District.
December 29, 2006.
James Marion Moorman, Public Defender, and Bruno F. DeZayas, Special Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Danilo Cruz-Carino, Assistant Attorney General, Tampa, for Appellee.
VILLANTI, Judge.
Robert V. Thibault appeals his convictions and sentences for burglary and grand theft. Thibault contends that the trial court erred: (1) in denying his motion to suppress an in-court identification, (2) in imposing investigative costs without considering Thibault's ability to pay, and (3) in imposing attorney's fees without informing Thibault of his right to contest the amount. We affirm, without comment, on the first ground. However, we reverse and remand *647 Thibault's sentences with instructions to strike the $232 in investigatory costs and consider Thibault's financial resources before reimposing them and to strike the $800 in attorney's fees, as the trial court previously ordered.
Thibault properly filed a motion to correct sentencing error, asserting that the trial court improperly imposed $232 in investigative costs when it failed to consider Thibault's financial resources. In denying Thibault's motion, the trial court erroneously relied on Cook v. State, 896 So.2d 870 (Fla. 2d DCA 2005), and concluded that an inquiry into a defendant's financial resources is discretionary with the court. In Cook, this court held that imposing a public defender fee without considering the defendant's financial resources is proper because section 938.29, Florida Statutes (2003), does not require consideration of a defendant's ability to pay. In contrast, section 938.27(5), Florida Statutes (2002) (the version in effect on March 30, 2003, the date of Thibault's offenses), expressly requires the court to consider "the financial resources of the defendant" in imposing investigative costs. Because the trial court did not inquire into Thibault's financial resources, it erred in imposing the investigative costs. Notably, the State rightfully concedes the error. On remand, the trial court may reimpose the investigatory costs after it considers Thibault's financial resources. See Smith v. State, 714 So.2d 1152, 1153 (Fla. 2d DCA 1998).
In Thibault's motion to correct sentencing error, he also asserted that the trial court improperly imposed $800 in attorney's fees when it failed to inform Thibault of his right to contest the amount. The trial court granted this portion of Thibault's motion, which the State did not appeal. However, Thibault notes, and the State concedes, that the judgment and sentence was never corrected to strike the $800 in attorney's fees.
Affirmed in part; reversed and remanded with instructions to: (1) strike the $232 in investigative costs and consider Thibault's financial resources before reimposing these costs and (2) strike the $800 in attorney's fees, in fulfillment of the trial court's previous order.
SALCINES and STRINGER, JJ., Concur.