FULMER, Chief Judge.
Jose Negron challenges the imposition of investigative costs in the amount of $520 in this appeal from his conviction for trafficking in phenethylamines. Because Neg-ron has not shown that the trial court failed to consider his financial resources when it imposed investigative costs as a lien, we affirm.
The date of the offense was February 13, 2001. In 2005 Negron pleaded guilty in exchange for a 44.4-month prison sentence. At the sentencing hearing, Negron offered no objection when the State requested investigative costs on behalf of the St. Petersburg Police Department and the trial court imposed them as a judgment lien. The trial court made no express inquiry into Negron’s financial circumstances; however, the record reflects that the court had found Negron to be indigent in 2003.
Negron’s appellate counsel filed a motion under Florida Rule of Criminal Procedure 3.800(b), arguing that the costs were not supported by documentation and the trial court did not consider Negron’s ability to pay before imposing the costs. The trial court denied the motion, stating:
The record reflects that supporting documentation was provided for the investigative costs via the arrest affidavit filed in this case.... Additionally, the language of section 938.27, Florida Statutes, indicates that imposition of investigative costs is mandatory. Section 938.27(4) also indicates that the defendant has the burden of proving his financial resources and needs, but need prove these only if the amount or type of costs is disputed. In the instant case, the Defendant did not dispute the imposition of the investigative costs.
The trial court attached the arrest affidavit to its order, which indicates a request for investigative costs in the amount of $520. However, the trial court erroneously relied on the current version of the statute in ruling on Negron’s assertion that the trial court failed to consider his ability to pay.
On appeal, Negron argues that, pursuant to the 2000 version of section 938.27, Florida Statutes, the trial court had to specifically ask whether Negron had the ability to pay before imposing the costs. Subsection (5) of the 2000 version of section 938.27 requires the court to “consider the amount of the costs incurred, the financial resources of the defendant, the financial needs and earning ability of the defendant, and such other factors which it *515 deems appropriate.” Section 938.27 was amended effective July 1, 2003,[1] and the current version of the statute omits the requirement that the court consider the financial resources, needs, and earning ability of the defendant. See § 938.27, Fla. Stat. (2006).
We agree with Negron that the trial court applied the wrong version of the statute in ruling on his 3.800(b) motion. However, we do not agree that the applicable version required the trial court to specifically ask whether Negron had the ability to pay before imposing the costs.[2] Rather, the trial court was required to “consider” Negron’s financial resources, needs, and earning ability. We conclude that the trial court implicitly recognized, and thus “considered,” Negron’s lack of ability to pay by imposing the investigative costs as a judgment lien rather than requiring that they be paid within a specified period or in specified installments as authorized by subsection (3) of the 2000 version of section 938.27.
Affirmed.
CASANUEVA and STRINGER, JJ., Concur.

. Ch.2003-402, § 127, Laws of Fla.

. We recognize that in Thibault v. State, 945 So.2d 646, 647 (Fla. 2d DCA 2006), this court addressed a March 2003 offense and reversed investigative costs upon a concession by the State that the trial court failed to consider Thibault’s financial resources. However, the opinion does not reflect whether the costs were ordered to be paid within a specified period or whether they were simply imposed as a judgment lien.