963 So.2d 911 (2007)
Edward CLARK, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-105.
District Court of Appeal of Florida, Second District.
August 29, 2007.
*912 James Marion Moorman, Public Defender, and Robert F. Moeller, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Katherine Coombs Cline, Assistant Attorney General, Tampa, for Appellee.
FULMER, Judge.
A jury found Edward Clark guilty of burglary, robbery, false imprisonment, aggravated battery, and battery. We affirm Clark's judgment and sentence without comment on the two trial-related issues that he raised on appeal. However, we reverse as to four of the monetary charges imposed by the court at sentencing.
Clark preserved his challenges to the four monetary charges (variously denominated as surcharges, costs, or fines) in a motion to correct sentencing error filed pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). The trial court did not rule on the motion within sixty days, so it is deemed denied. Fla. R.Crim. P. 3.800(b)(2)(B), (b)(1)(B).
The first two items challenged by Clark are surcharges of $150 and $2 imposed under section 938.085, Florida Statutes (creating a surcharge to fund rape crisis centers),[1] and a court cost of $65 imposed under section 939.185, Florida Statutes (creating an "additional court cost" assessable by the board of county commissioners). Section 938.085 became effective on July 1, 2003. See ch.2003-114, §§ 3, 5, Laws of Fla. Section 939.185 became effective on July 1, 2004. See ch.2004-265, §§ 88, 109, Laws of Fla. The offenses of which Clark was convicted occurred on October 18, 2002. This court's precedent precludes the imposition of these two costs because the authorizing statutes became effective after the date of the offenses. See Griffin v. State, 946 So.2d 610, 614-15 (Fla. 2d DCA 2007). On remand, the $152 surcharge and the $65 cost shall be stricken.
The third item challenged by Clark is $150 and $130 in prosecution and sheriff's investigative costs imposed pursuant to section 938.27, Florida Statutes (2002). *913 Clark alleges two errors with respect to these costs: that there was no request for costs from the two relevant agencies, see § 938.27(1), and that the court failed to consider Clark's financial resources and ability to pay, see § 938.27(5).[2] Our precedent requires that costs imposed under the 2002 version of section 938.27 be stricken when either of these conditions has not been satisfied. See, e.g., Taylor v. State, 821 So.2d 404, 405 (Fla. 2d DCA 2002) (no request for costs); Thibault v. State, 945 So.2d 646, 647 (Fla. 2d DCA 2006) (court's failure to inquire into defendant's financial resources). On remand, the court shall strike the two costs but may reimpose them if the requisites of section 938.27, Florida Statutes (2002), are satisfied, in particular the requirements that the agencies request the costs and provide supporting documentation[3] and that the court considers Clark's financial resources and ability to pay. See Taylor, 821 So.2d at 405; Thibault, 945 So.2d at 647.
Finally, Clark challenges the imposition of a $50 fine pursuant to section 775.083(2), Florida Statutes. The 2002 version of this statute reads, in pertinent part:
The fine is $50 for a felony and $20 for any other offense. When the defendant enters the plea or is convicted or adjudicated, in a court in that county, the court may order the defendant to pay such fine if the court finds that the defendant has the ability to pay the fine and that the defendant would not be prevented thereby from being rehabilitated or making restitution.
§ 775.083(2)(b) (emphasis added).[4] As with the previous cost item, on remand the trial court shall strike the $50 fine but may reimpose it if the court finds that Clark has the ability to pay. See Gonzalez v. State, 939 So.2d 224, 225 (Fla. 2d DCA 2006).
As we did in Griffin v. State, 946 So.2d at 614-15, we certify conflict with Ridgeway v. State, 892 So.2d 538 (Fla. 1st DCA 2005) (concluding that imposing the cost required by section 939.185 on a defendant who committed his crime before its effective date did not violate the constitutional prohibition against ex post facto laws).
Reversed and remanded; conflict certified.
DAVIS and WALLACE, JJ., Concur.
NOTES
[1] The statute actually imposes a surcharge of $151.
[2] The second requirement was deleted effective July 1, 2003. See ch.2003-402, §§ 127, 155, Laws of Fla.
[3] The 2002 version of section 938.27 provides that investigative costs shall be assessed "if requested and documented" by the relevant agencies. The words "and documented" were deleted from the statute as of July 1, 2003. See ch.2003-402, §§ 127, 155, Laws of Fla.
[4] This statute was amended effective July 1, 2003, such that the factual findings on the defendant's ability to pay are no longer required. See ch.2003-402, §§ 117, 155, Laws of Fla. Additionally, the charge is called a "court cost" in the amended statute. § 775.083(2), Fla. Stat. (2004).