973 So.2d 1271 (2008)
Stacy Lee WATTS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-2264.
District Court of Appeal of Florida, Second District.
February 15, 2008.
*1272 James Marion Moorman, Public Defender, and Alisa Smith, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and William I. Munsey, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
Stacy Lee Watts challenges his convictions and sentences for various crimes and raises several issues. We conclude that a fine and certain costs that the trial court imposed must be stricken. In all other respects, we affirm the convictions and sentences without comment.
Watts preserved his challenge to a fine and several costs by filing a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). Because the court did not rule on the motion within sixty days, it is deemed denied. Fla. R.Crim. P. 3.800(b)(2)(B); Howard v. State, 920 So.2d 764, 765 (Fla. 2d DCA 2006).
Watts argues that the trial court erred in imposing a $65 county court cost pursuant to section 939.185(1)(a), Florida Statutes (2004). This statute authorizes the imposition of county court costs to crimes committed after July 1, 2004. Nayjay v. State, 949 So.2d 1047, 1048 (Fla. 2d DCA 2006). We strike this cost because Watts committed the subject crimes on February 7, 2003, before the statute became effective.
Watts also challenges a $15 court facilities surcharge authorized by section 318.18(13)(a), Florida Statutes (2004). We strike this surcharge because the statute came into effect in 2004, after Watts had committed the subject crimes. See Ch. 04-265, § 60, at 677, Laws of Fla.
Next, Watts argues the trial court erred in imposing a $50 crime prevention fine pursuant to section 775.083(2), Florida Statutes (2002).[1] We strike this fine because the trial court failed to conduct an inquiry and determine Watts' ability to pay it. See § 775.083(2)(b); Gonzalez v. State, 939 So.2d 224, 225 (Fla. 2d DCA 2006) (noting that section 775.083(2)(b) requires the court to conduct an inquiry into a defendant's ability to pay the fine before imposing it). On remand, this fine may be reimposed after the trial court conducts the necessary inquiry and finds that Watts has the ability to pay the fine. See Gonzalez, 939 So.2d at 225.
Finally, Watts argues the trial court erred in imposing investigative costs of $218.75 because the State failed to provide required documentation as to the amount. See § 938.27(1), Fla. Stat. (2002); *1273 Phillips v. State, 942 So.2d 1042, 1044 (Fla. 2d DCA 2006) (concluding that before a court imposes an order for investigative costs, the court must have competent evidence of those costs). However, Watts acknowledges that he agreed to the State's request for investigative costs of $218.75. Further, the record reflects that before imposing the costs the trial court offered to have a hearing on the issue. Because Watts stipulated to the costs and waived a further hearing, we affirm as to this issue. See Jackson v. State, 529 So.2d 320, 320 (Fla. 2d DCA 1988); Mitchell v. State, 678 So.2d 1362, 1365 (Fla. 1st DCA 1996).
Accordingly, we affirm Watts' convictions and sentences except as to the fine and costs that are stricken as stated above. On remand, the trial court may reimpose the $50 crime prevention fine after conducting the requisite inquiry and shall enter corrected sentencing documents consistent with this opinion.
Affirmed but remanded for corrections as to a fine and costs.
CASANUEVA and VILLANTI, JJ., Concur.
NOTES
[1] The 2002 version of section 775.083(2) was in effect when Watts committed his crimes in February 2003. See Ch. 03-25, § 1, at 144, Laws of Fla.