987 So.2d 160 (2008)
Raleigh M. BROADNAX, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-2113.
District Court of Appeal of Florida, Second District.
July 16, 2008.
Heather M. Gray, Riverview, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Katherine Coombs Cline, Assistant Attorney General, Tampa, for Appellee.
FULMER, Judge.
Raleigh M. Broadnax was convicted of robbery, occurring on March 22, 2001, and sentenced to life in prison. We affirm the judgment and the prison sentence. We reverse only to the extent that certain costs were improperly imposed.
*161 Broadnax first argues that the trial court erred in imposing an $80 cost pursuant to section 938.27, Florida Statutes (2000), because the trial court did not determine whether Broadnax was able to pay this cost. This cost was not orally imposed. We agree that the $80 cost must be stricken because under the 2000 version of section 938.27(5), the trial court was required to consider "the financial resources... [and] the financial needs and earning ability of the defendant" before imposing this prosecution/investigative cost. See Clark v. State, 963 So.2d 911, 912-13 (Fla. 2d DCA 2007); Thibault v. State, 945 So.2d 646, 647 (Fla. 2d DCA 2006).
Next, Broadnax challenges the trial court's imposition of $65 pursuant to section 775.083(2), Florida Statutes (2000). He argues that this cost should be stricken because it was discretionary on the date of the offense, it was not orally pronounced, and no determination was made as to Broadnax's ability to pay, citing Stewart v. State, 916 So.2d 53 (Fla. 2d DCA 2005). We agree that, pursuant to Stewart, this $65 assessment for the Crime Prevention Court Cost must be stricken because it was not orally pronounced at sentencing. However, both challenged costs may be reimposed on remand if the court finds that Broadnax has the ability to pay. See Clark, 963 So.2d at 913.
Broadnax also argues that a $50 cost and a $200 cost should be stricken because the offense occurred before the effective dates of the authorizing statutes, sections 939.185 and 938.05. We reject these claims. As to the $50 cost, the supreme court has held that retroactive application of section 939.185, Florida Statutes (2004), does not violate ex post facto prohibitions. Griffin v. State, 980 So.2d 1035 (Fla.2008). As to the $200 cost, this cost is authorized under section 938.05, which was enacted under chapter 97-271, Laws of Florida, before Broadnax's offense.
Affirmed in part, reversed in part, and remanded.
STRINGER and VILLANTI, JJ., Concur.