992 So.2d 823 (2008)
Grady Clifford LOVE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-4867.
District Court of Appeal of Florida, Second District.
September 12, 2008.
Rehearing Denied October 28, 2008.
James Marion Moorman, Public Defender, and Terrence E. Kehoe, Special Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Anne Sheer Weiner, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
Grady Clifford Love appeals his judgments and sentences for attempted voluntary manslaughter while using a firearm and for shooting at, within, or into a building. We remand for the trial court to vacate Love's judgment and sentence for shooting at, within, or into a building because, as the State concedes, the jury acquitted him of that crime. We affirm Love's judgment and sentence for attempted voluntary manslaughter except as to certain costs and a fine that the trial court imposed, which must be stricken. Because the judgment incorrectly lists Love's conviction as one for voluntary manslaughter rather than attempted voluntary manslaughter, we remand for correction of the judgment.
Love argues that the trial court committed fundamental error in instructing the jury as to attempted voluntary manslaughter, contending that the instruction was an improper "and/or" instruction. The State responds that the trial court did not err and that even if there was any error in the instruction, it does not rise to the level of fundamental error. After fully reviewing the record, we agree that Love has not demonstrated fundamental error. Thus *824 we affirm the conviction for attempted voluntary manslaughter. See Garzon v. State, 980 So.2d 1038 (Fla.2008). However, because the judgment incorrectly reflects a conviction for voluntary manslaughter rather than attempted voluntary manslaughter, we remand for entry of a corrected judgment.
Love also challenges the trial court's imposition of four costs and a fine, totaling $338. He filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), arguing that the trial court should strike these costs and fine. Because the trial court did not rule on the motion within sixty days, the motion is deemed denied. See Fla. R.Crim. P. 3.800(b)(2)(B), (b)(1)(B). The State properly concedes error, and we remand with directions that three of the challenged costs and the fine be stricken, subject to further proceedings as discussed below. We affirm the imposition of one of the costs.
The trial court imposed a $48.75 cost pursuant to section 939.185, Florida Statutes (2004), which did not become effective until July 1, 2004, after Love committed the underlying criminal offense. See Ch. 04-265, §§ 88, 109 at 688, 691, Laws of Fla. However, in Griffin v. State, 980 So.2d 1035 (Fla.2008), the Florida Supreme Court upheld the retroactive application of section 939.185. Thus, pursuant to Griffin, we affirm the imposition of this cost.
The trial court imposed a $50 fine pursuant to section 775.083(2), Florida Statutes (2003). The imposition of this fine is discretionary if the trial court finds that the defendant has the ability to pay. Because the trial court did not pronounce the fine or determine Love's ability to pay it, the fine must be stricken. See 775.083(2)(b); Clark v. State, 963 So.2d 911, 913 (Fla. 2d DCA 2007). However, the trial court may reimpose this fine if it determines that Love has the ability to pay. See Clark, 963 So.2d at 913; see also Broadnax v. State, 987 So.2d 160, 161 (Fla. 2d DCA 2008) (citing Clark).
The trial court imposed a $16.25 cost pursuant to section 938.10, Florida Statutes (2004). The trial court must strike this cost on remand because Love did not commit one of the offenses required for the statute to apply. See § 938.10(1).[1]
The trial court imposed a $198 cost pursuant to section 27.3455, Florida Statutes (2003). However, the Legislature repealed the statute effective July 1, 2004, and the statute is not presently in effect. Ch. 03-402 § 153, at 2718, Laws of Fla. The statute required Florida counties to make annual statements of certain revenues and expenditures to the Chief Financial Officer and did not authorize the imposition of this cost against Love. Accordingly, this cost must be stricken.
The trial court imposed $25 in investigative or prosecution costs pursuant to section 938.27, Florida Statutes (2003). Such costs shall be imposed if requested by the appropriate agencies. See § 938.27(1). The record does not reflect that any agency requested payment of this cost, and as noted previously, the State has conceded error. Therefore, this cost must be stricken. See Clark, 963 So.2d at 912-13. On remand, the court may reimpose the cost if the statutory requirements are met. See id. at 913.
Finally, Love argues that because the jury acquitted him of the crime of shooting *825 at, within, or into a building, his judgment and sentence for that crime must be vacated. The State concedes that the judgment is in error. Accordingly, we remand for the trial court to vacate the judgment and sentence as to shooting at, within, or into a building and for entry of corrected documents reflecting his acquittal of that crime.
In summary, apart from the three costs and a fine that must be stricken, we affirm Love's judgment and sentence for attempted voluntary manslaughter. We remand for correction of the judgment and sentence to reflect that his conviction is for attempted voluntary manslaughter rather than voluntary manslaughter and for correction of the judgment and sentence to properly document Love's acquittal of the crime of shooting at, within, or into a building. We remand for the trial court to strike the fine and three of the costs that it had imposed, subject to the court reimposing the fine and one of the costs, as discussed above.
Affirmed in part, vacated in part, and remanded.
DAVIS, J., and THREADGILL, EDWARD F., Senior Judge, Concur.
NOTES
[1] Section 938.10 became effective on July 1, 2004, after Love committed attempted voluntary manslaughter. See Ch. 04-265, §§ 84, 109 at 686-87, 691, Laws of Fla. Because the statute is not applicable to this offense, we do not decide whether it may be applied retroactively.