PER CURIAM.
 

 Appellant was convicted of resisting an officer without violence. He was sentenced to probation which included a special condition requiring him to complete a batterer’s intervention program. Appellant contends that this condition is invalid because it is not reasonably related to his rehabilitation. We agree and reverse.
 

 Appellant was originally charged with battery, burglary of a conveyance with assault, and resisting an officer without violence. The jury acquitted him of the battery and burglary charges, but returned a guilty verdict on the resisting charge. Nonetheless, the trial court included the batterer’s intervention program as a special condition of Appellant’s probation.
 

 The trial court has broad discretion in imposing conditions of probation, but to be valid, the condition must be “reasonably related to rehabilitation.”
 
 Stephens v. State,
 
 659 So.2d 1303, 1304 (Fla. 1st DCA 1995). “In determining whether a condition of probation is reasonably related to rehabilitation, ... a condition is invalid if it (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.”
 
 Biller v. State,
 
 618 So.2d 734, 734-35 (Fla.1993) (quoting
 
 Rodriguez v. State,
 
 378 So.2d 7, 9 (Fla. 2d DCA 1979)).
 

 Here, the batterer’s intervention program has no relationship to Appellant’s conviction for resisting an officer without violence, and there is nothing in the record to suggest that Appellant has a propensity towards domestic violence. The fact that Appellant was also charged with battery and burglary of a conveyance with assault does not justify the condition requiring Appellant to complete a batterer’s intervention program because the jury acquitted Appellant of those charges. Accordingly, the condition is invalid.
 

 For these reasons, we reverse the portion of Appellant’s sentence requiring him to complete a batterer’s intervention program and remand for the trial court to strike that condition of probation.
 

 REVERSED and REMANDED with instructions.
 

 BENTON, C.J., WETHERELL, and RAY, JJ., concur.