# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**LUDWINE FRANCOIS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D21-2112

[August 10, 2022]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Kirk Volker, Judge; L.T. Case No. 502019CF010003AMB.

Carey Haughwout, Public Defender, and Elijah Giuliano, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Paul Patti, III, Assistant Attorney General, West Palm Beach, for appellee.

## ON DEFENDANT'S MOTION FOR REHEARING AND CLARIFICATION

GERBER, J.

We grant the defendant's motion for rehearing regarding her initial brief's argument IV.C. to conform with this court's recent cases addressing the same argument. We also grant the defendant's motion for clarification regarding the alleged factual background underlying her initial brief's argument V. We therefore substitute the following opinion for the opinion which we issued on May 18, 2022.

The defendant appeals from her convictions and sentences for battery on a law enforcement officer and resisting an officer with violence. On all arguments challenging the defendant's convictions, we affirm without further discussion. On the arguments challenging the defendant's sentences, only three arguments have merit.

First, we agree with the defendant's argument that the probation condition prohibiting her from visiting places where intoxicants, drugs, or other dangerous substances are unlawfully sold, dispensed, or used,

should be modified to reflect the defendant may not "knowingly visit" such prohibited places. *Sandoval v. State*, 337 So. 3d 5, 7 (Fla. 4th DCA 2022); *Marquis v. State*, 47 Fla. L. Weekly D1146, 2022 WL 1654733, at *3-4 (Fla. 4th DCA May 25, 2022).

Second, we agree with the defendant's argument that the trial court erred in imposing, in the written probation order only, the requirement that the defendant pay the costs of her substance abuse and mental health evaluation and treatment. Although the trial court orally pronounced a special probation condition requiring the defendant to obtain a substance abuse evaluation and a mental health evaluation within thirty days and successfully complete any recommended treatment, the trial court did not orally pronounce that the defendant would be responsible to pay the evaluation and treatment costs. Therefore, the payment requirement's inclusion in the written probation order must be stricken. *See, e.g.*, *Edwards v. State*, 814 So. 2d 1197, 1198 (Fla. 2d DCA 2002) ("[A] special condition, such as payment for alcohol or drug evaluation, must be stricken where the trial court fails to orally pronounce the special condition at sentencing.").

Third, we agree with the defendant's argument that the trial court erred in imposing, as a special probation condition, the requirement that the defendant complete and pay for a batterers' intervention program. The defendant's convictions for battery on a law enforcement officer and resisting an officer with violence did not qualify her for a batterers' intervention program. *See* § 741.281, Fla. Stat. (2019) ("If a person is found guilty of … *a crime of domestic violence, as defined in s. 741.28*, … the court shall order that the defendant attend and complete a batterers' intervention program as a condition of probation.") (emphasis added); § 741.28(2), Fla. Stat. (2019) ("'Domestic violence' means … any criminal offense resulting in physical injury or death of *one family or household member by another family or household member*.") (emphasis added); *Carty v. State*, 79 So. 3d 239, 240 (Fla. 1st DCA 2012) ("Here, the batterer's intervention program has no relationship to Appellant's conviction for resisting an officer without violence, and there is nothing in the record to suggest that Appellant has a propensity towards domestic violence. … Accordingly, the condition is invalid.").

We also note, on our own observation, that the written probation order contains a scrivener's error where a box is checked indicating that the defendant entered a guilty plea to the two counts charged. Apparently the wrong box was checked, as the defendant was tried by a jury in this case. We direct the trial court to correct this scrivener's error.

2

On all other arguments raised but not addressed in this opinion, we affirm without further discussion. The defendant need not be present for the ministerial corrections directed above.

*Affirmed in part, reversed in part, and remanded with directions.*

DAMOORGIAN and KUNTZ, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**