912 So.2d 1282 (2005)
Glenn Robert MILLER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-1923.
District Court of Appeal of Florida, Second District.
November 4, 2005.
James Marion Moorman, Public Defender, and Pamela H. Izakowitz, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Timothy A. Freeland, Assistant *1283 Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
Glenn Miller disputes some of the costs imposed at his sentencing for drug and prescription offenses. His arguments are well-taken in part.
A sentencing court may impose mandatory costs without notice. Sutton v. State, 635 So.2d 1032 (Fla. 2d DCA 1994). On the other hand, when imposing discretionary costs the court must give the defendant notice and an opportunity to be heard. Id. In either case, the record must contain citations to the statutory authorities for imposing the costs. Id.
In Miller's case, the court orally announced the imposition of a lump sum amount in costs and a public defender's fee. The court then entered a written order detailing the various assessments. After taking this appeal Miller challenged several of the costs by filing a motion in the circuit court pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). The motion was deemed to be denied when the court did not rule on it within the time specified by that rule.
The written costs order listed a $150 item for court facilities, a discretionary assessment under section 939.18(1)(a), Florida Statutes (2002). But to impose this cost, the court was required to find that Miller has the ability to pay the additional assessment and that doing so would not prevent him from making restitution, paying other legally authorized compensation to victims, or paying child support. § 939.18(1)(b). Because the court failed to provide notice to Miller regarding the imposition of the discretionary court facilities cost and failed to make the financial inquiries required by the authorizing statute, we reverse it. See Ayoub v. State, 901 So.2d 311 (Fla. 2d DCA 2005). On remand, the court may again impose this cost if it complies with the statute. See id.
The court orally announced the imposition of an $800 fee for the public defender's services pursuant to section 938.29, Florida Statutes (2002), which authorizes the fee and grants the state a lien to secure its payment. The imposition of this fee is mandatory, see Cook v. State, 896 So.2d 870 (Fla. 2d DCA 2005), but the statute requires the court to give notice and an opportunity for the defendant to object to the amount, see § 938.29(6). Further, Florida Rule of Criminal Procedure 3.720(d)(1) provides that at sentencing the defendant must be advised of his right to a hearing to contest the amount of the public defender's lien. Here, the court failed to inform Miller of his right to contest the amount. Therefore, we reverse the public defender's fee. See Laurain v. State, 708 So.2d 655 (Fla. 2d DCA 1998). On remand, Miller shall have thirty days from our mandate to file a written objection to the amount assessed for the public defender's fee. See id. If he files such an objection, the court shall hold a hearing. If Miller fails to timely file an objection, the court may reimpose the public defender's fee without a hearing.
Finally, we affirm the $2 cost for criminal justice education imposed pursuant to section 938.15, Florida Statutes (2002). See Waller v. State, 911 So.2d 226 (Fla. 2d DCA 2005) (en banc) (holding that this cost is mandatory in Pasco County).
Convictions and sentences affirmed, costs affirmed in part, reversed in part, and remanded with directions.
SILBERMAN, J., and THREADGILL, EDWARD F., Senior Judge, Concur.