921 So.2d 846 (2006)
Allen Colby GLOVER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-864.
District Court of Appeal of Florida, Second District.
March 3, 2006.
James Marion Moorman, Public Defender, and William L. Sharwell, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Donna S. Koch, Assistant Attorney General, Tampa, for Appellee.
SALCINES, Judge.
Allen Colby Glover appeals his convictions and sentences for drug-related offenses. He also asserts that the trial court erred when it denied, in part, a motion to correct sentencing error which he filed pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). We affirm Glover's convictions without further comment. We also affirm his sentences with the exception of the $100 cost imposed pursuant to section 938.25, Florida Statutes (2003), which we reverse.
In the motion to correct sentencing error, Glover claimed that the $2 criminal justice education fee authorized by section 938.15, Florida Statutes (2003), was not a mandatory cost and was improperly imposed. This court has recently concluded *847 that the $2 fee is a mandatory cost. See Waller v. State, 911 So.2d 226, 227-28 (Fla. 2d DCA 2005) (en banc). Highlands County has established the "Sheriff's Law Enforcement Education Trust Fund" which is funded in part by the mandatory $2 court cost imposed pursuant to section 938.15.[1] We affirm this cost.
In his rule 3.800(b)(2) motion Glover also claimed that the trial court erred when it failed to determine if he had the ability to pay the $100 Florida Department of Law Enforcement criminal analysis laboratory fee under section 938.25. Glover is correct in his assertion. At the time of sentencing, the trial court did not make any written or oral findings concerning Glover's ability to pay; it merely imposed the cost. Thus, this discretionary cost must be stricken because the trial court did not make the statutorily required findings that Glover had the ability to pay the $100 cost and that payment would not prevent him from being rehabilitated or from making restitution. See Gunn v. State, 818 So.2d 681, 681 (Fla. 4th DCA 2002); see, e.g., Ayoub v. State, 901 So.2d 311 (Fla. 2d DCA 2005) (discussing section 939.18(1)(a), Florida Statutes (2002), containing cost assessment language similar to section 938.25 and requiring finding of ability to pay); Cook v. State, 896 So.2d 870, 872 (Fla. 2d DCA 2005) (discussing section 939.21, Florida Statutes (2003), containing same cost assessment language as section 938.25 and requiring finding of ability to pay).
We reverse that portion of Glover's sentence imposing the $100 cost pursuant to section 938.25. On remand, the trial court shall strike this cost from the sentence, but it may reconsider imposition of the cost if it makes the necessary findings required by section 938.25.
Affirmed in part, reversed in part, and remanded for further proceedings.
WHATLEY and KELLY, JJ., Concur.
NOTES
[1] See Highland County, Fla.Code of Ordinances art. I, § 2-5.