952 So.2d 529 (2006)
Patricia A. FLOYD, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-4758.
District Court of Appeal of Florida, Second District.
November 22, 2006.
*530 James Marion Moorman, Public Defender, and Brad Permar, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Danilo Cruz-Carino, Assistant Attorney General, Tampa, for Appellee.
LaROSE, Judge.
Patricia A. Floyd, who pleaded guilty in three drug-related cases below, appeals her judgment and sentence, challenging the trial court's denial of her motion to correct sentencing error. See Fla. R.Crim. P. 3.800(b)(2). We write to address two cost items challenged by Ms. Floyd.
Ms. Floyd claims that the trial court erred in imposing a $200 public defender fee without citing a proper statutory authority for imposition of the fee. See Sutton v. State, 635 So.2d 1032, 1033 (Fla. 2d DCA 1994). Contrary to Ms. Floyd's assertion, the trial court correctly found that the "statutory authority for the imposition of this fee is clearly shown on the charges, costs, and fees portion of the written sentence." Although the written sentence does not cite a specific statutory provision, "public defender fee" is a sufficient description to enable us to determine the basis for this fee. See Ayoub v. State, 901 So.2d 311, 314 (Fla. 2d DCA 2005) (holding that identifying cost by name is sufficient description to substitute for statutory citation).
Ms. Floyd also asserts that the public defender fee was not included in the written sentence. At sentencing, the trial court orally pronounced the $200 fee and included it in the written sentence. In ruling on Ms. Floyd's rule 3.800(b)(2) motion, the trial court concluded that the oral *531 pronouncement conflicted with the written sentence. Presumably finding that the oral pronouncement, imposing the fee, took precedence over the written sentence, the trial court denied the rule 3.800(b)(2) motion on this point. See Driver v. State, 710 So.2d 652, 653 (Fla. 2d DCA 1998). The result is correct. The record suggests that the trial court, in addressing the rule 3.800(b)(2) motion, may have overlooked the public defender fee in the costs and fees section on the written judgment and sentence for one of the three cases. The oral and written sentences, in fact, conformed. Thus, we affirm as to this fee.
Ms. Floyd challenged a $100 FDLE cost, imposed pursuant to section 938.25, Florida Statutes (2004). She argued that the trial court did not make the statutorily required inquiry into her ability to pay. Concluding that the $100 FDLE cost was never imposed, the trial court denied this rule 3.800(b)(2) claim. The record, however, reveals that the trial court imposed this cost in one of the three cases. Accordingly, because the trial court did not make a finding of ability to pay, we reverse and direct the trial court to strike this cost unless, on remand, it makes the necessary findings. See § 938.25; Glover v. State, 921 So.2d 846, 847 (Fla. 2d DCA 2006).
In all other respects, we affirm.
Affirmed in part, reversed in part, and remanded for further proceedings.
STRINGER, J., and HAYES, HUGH D., Associate Judge, Concur.