958 So.2d 471 (2007)
Christopher Emmanuel NASH, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-433.
District Court of Appeal of Florida, Second District.
May 11, 2007.
James Marion Moorman, Public Defender, and Timothy J. Ferreri, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Richard E. MacDonald, Assistant Attorney General, Tampa, for Appellee.
WHATLEY, Judge.
Christopher Emmanuel Nash appeals his judgments and sentences for sale or delivery of a controlled substance and possession of a controlled substance. We affirm his judgments and sentences without comment. However, we reverse the imposition of certain costs.[1]
At sentencing, the trial court orally announced the imposition of a $40 fee for the services of the public defender. However, *472 the sentencing document reflects that Nash was assessed $425 for attorney's fees and $40 for costs pursuant to section 938.29(1)(a), Florida Statutes (2005).
Section 938.29(5) requires the trial court to give notice and an opportunity for a defendant to object to the amount of an attorney's fee and cost assessment. Further, pursuant to Florida Rule of Criminal Procedure 3.720(d)(1), a defendant must be advised of his right to a hearing to contest the amount of these costs. Miller v. State, 912 So.2d 1282, 1283 (Fla. 2d DCA 2005). In the present case, the trial court did not inform Nash of his right to a hearing to contest the amount of the public defender's fee and the cost assessment, and furthermore, the sentencing document does not conform to the trial court's oral pronouncement.
Accordingly, we reverse the assessment of $425 for attorney's fees and $40 for costs. On remand, Nash shall have thirty days from the date of the mandate to file a written objection to the amount assessed. See Miller, 912 So.2d at 1283. If Nash files such an objection, the trial court should hold a hearing, and if Nash fails to timely file an objection, the trial court may reimpose the fee and cost assessment without a hearing. Id.
Affirmed in part, reversed in part, and remanded with directions.
ALTENBERND and DAVIS, JJ., Concur.
NOTES
[1] Nash preserved this issue by filing a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). The circuit court failed to rule on the motion within sixty days as required by rule 3.800(b)(2), and therefore, the motion is deemed denied. See Jones v. State, 898 So.2d 209, 210 (Fla. 2d DCA 2005).