960 So.2d 907 (2007)
Julia Andino BRUNO, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-2164.
District Court of Appeal of Florida, Second District.
July 20, 2007.
James Marion Moorman, Public Defender, and Tosha Cohen, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Sonya Roebuck Horbelt, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Judge.
Julia Andino Bruno appeals judgments for resisting arrest with violence and battery on a law enforcement officer. We affirm Ms. Bruno's judgments and sentences with the exception of the "monetary obligations order" requiring Ms. Bruno to pay $300 in attorneys' fees for the services *908 of the public defender pursuant to section 938.29(1), Florida Statutes (2005). The circuit court imposed this obligation without complying with the procedures required by section 938.29(5) and Florida Rule of Criminal Procedure 3.720(d)(1).
Ms. Bruno preserved this issue for appeal by filing a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). In ruling on this motion, the circuit court's order acknowledged that the provisions of section 938.29(5) and rule 3.720(d)(1) had not been followed. The court sought to remedy this problem by striking the $300 in fees and immediately reimposing the fees. The order then provided Ms. Bruno the opportunity to file a written objection within thirty days. As authority for this procedure, the circuit court cited this court's opinion in Miller v. State, 912 So.2d 1282 (Fla. 2d DCA 2005).
In Miller, the circuit court orally announced the imposition of $800 in fees for the services of the public defender at the sentencing hearing, and the defendant voiced no initial objection. The circuit court did not, however, inform Miller of his right to a hearing to contest the amount of the fees. Miller thereafter filed a motion to correct sentencing error challenging the imposition of the fees. We reversed the imposition of the fees but provided Miller with thirty days from the issuance of our mandate to file a written objection to the amount of the fees, in the absence of which the circuit court could reimpose the fees. 912 So.2d at 1283.[1]
The remedy afforded by this court in Miller is not appropriate as a circuit court's response to a motion to correct sentencing error filed pursuant to rule 3.800(b)(2). By way of the motion to correct sentencing error, Ms. Bruno effectively objected to the imposition of the attorneys' fees and invoked her right to a hearing on the subject. At that point, an appeal was pending before this court and the circuit court had limited jurisdiction for a period of sixty days to address the merits of the motion. The circuit court had to either strike the fees or hold a hearing to consider Ms. Bruno's objections; it could not enter an order reimposing the fees but permitting further circuit court proceedings on the matter upon future written objection.
We therefore remand this case for the circuit court to strike the portion of the judgments and sentences imposing $300 in attorneys' fees. On remand, once our mandate issues, the circuit court may reimpose attorneys' fees only if it provides Ms. Bruno notice of its intent to do so and the opportunity to be heard at a hearing on the matter.
Affirmed; remanded to strike $300 attorneys' fees.
NORTHCUTT, C.J., and VILLANTI, J., Concur.
NOTES
[1] The remedy in Miller is reminiscent of a procedure that this court frequently used prior to the enactment of the Criminal Appeal Reform Act (CARA) and the promulgation of Florida Rule of Criminal Procedure 3.800(b). Prior to CARA, errors in cost judgments were often corrected on appeal even in the absence of an objection in the trial court. To avoid reversing similar attorneys' fees assessments in that period, this court would affirm the assessment subject to the defendant's right to object to the assessment within thirty days of mandate. See Bourque v. State, 595 So.2d 222 (Fla. 2d DCA 1992). As this case demonstrates, the Bourque procedure became obsolete when defendants could make their objection to such assessments during the pendency of the appeal by filing a rule 3.800(b)(2) motion.