963 So.2d 931 (2007)
Thomas Michael McGEE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-783.
District Court of Appeal of Florida, Second District.
August 31, 2007.
*932 James Marion Moorman, Public Defender, and Alisa Smith, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
KELLY, Judge.
Thomas McGee appeals from his judgment and sentence for possession of child pornography. We find merit only in his argument that the trial court erred in imposing certain costs upon him.
At sentencing, the trial court orally imposed court costs, investigative costs, and a public defender fee, stating: "The Court will impose $450 in court costs concurrent on everything as a lien. $200 for the public defender, the investigative costs of $360 to Clearwater on the possession of pornography charge." The trial court's written order imposed costs in a lump sum of $850. The only costs specifically identified as being included in the $850 amount were "$2.00 to the Criminal Justice Education Fund, a $40.00 Indigent Criminal Defense Fee as required by s. 27.52, F.S., and Investigative Costs in the amount of $360.00 pursuant to 938.27, F.S." McGee challenged the remaining $448 in unidentified costs and the public defender's fee by filing a motion under Florida Rule of Criminal Procedure 3.800(b)(2). The motion was deemed to be denied when the court did not rule on it within sixty days.
Because at sentencing the trial court did not provide a precise description of the costs it was imposing and the sentencing order does not identify the remaining $448, we cannot determine whether that amount consists of unidentified mandatory costs, discretionary costs that were not properly announced at sentencing, or a combination of both. Accordingly, we strike the unidentified costs. See Miller v. State, 912 So.2d 1282 (Fla. 2d DCA 2005) (holding that mandatory costs may be imposed without notice but that discretionary costs require notice and an opportunity to be heard and that in both cases the record must contain citations to the statutory authorities for imposing the costs). On remand, the trial court may reimpose the stricken costs if it identifies statutory authority for their assessment and, for any discretionary fines or costs, provides McGee with notice and an opportunity to contest their imposition. See Fisher v. State, 697 So.2d 1291 (Fla. 1st DCA 1997).
We also strike the $200 public defender's fee because McGee was not given an opportunity to object to the fee at sentencing. Florida Rule of Criminal Procedure 3.720(d)(1) provides that the defendant must be advised at sentencing of his right to a hearing to contest the amount of the public defender's lien. See Miller, 912 So.2d at 1283. McGee shall have thirty days from our mandate to file a written objection to the amount assessed for the public defender's fee. See id. If he files an objection, the court shall hold a hearing. If McGee fails to timely object, the court may reimpose the public defender's fee without a hearing. See id.
Accordingly, we affirm McGee's judgment and sentence, strike the $448 in unidentified costs and the $200 public defender fee, and remand for further proceedings limited to those issues.
Affirmed in part; reversed in part.
DAVIS and WALLACE, JJ., Concur.