998 So.2d 655 (2008)
Luther WEBSTER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-4573.
District Court of Appeal of Florida, Second District.
December 12, 2008.
Rehearing Denied January 21, 2009.
*656 James Marion Moorman, Public Defender, and Timothy J. Ferreri, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Sara Macks, Assistant Attorney General, Tampa, for Appellee.
KHOUZAM, Judge.
Luther Webster appeals his judgments and sentences for possession of cannabis, possession of cocaine, possession of drug paraphernalia, resisting an officer without violence, and maintaining a structure for using, keeping, or selling controlled substances. We affirm Webster's judgments and sentences without further comment, but reverse and remand because the trial court erred in imposing certain fees and costs upon him.
Webster preserved his challenge to the fees and costs by filing a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). Because the court did not rule on the motion within sixty days, it is deemed denied. Fla. R.Crim. P. 3.800(b)(2)(B); Watts v. State, 973 So.2d 1271, 1272 (Fla. 2d DCA 2008).
Webster claims that the trial court erred in imposing a $150 public defender fee because he was not given an opportunity to object to the fee at sentencing. Rule 3.720(d)(1) provides that the defendant must be advised at sentencing of his right to a hearing to contest the amount of the public defender's lien. Because the court failed to inform Webster of his right to contest the amount, we reverse and direct the trial court to strike the $150 public defender fee. See McGee v. State, 963 So.2d 931, 932 (Fla. 2d DCA 2007); Hayes v. State, 957 So.2d 97, 97 (Fla. 2d DCA 2007). Webster shall have thirty days *657 from our mandate to file a written objection to the amount assessed for the public defender fee. McGee, 963 So.2d at 932. If he files an objection, the court shall hold a hearing. Id. If he fails to timely object, the court may reimpose the public defender fee without a hearing. Id.
Webster also challenges the $100 Florida Department of Law Enforcement criminal analysis laboratory cost imposed pursuant to section 938.25, Florida Statutes (2006). We strike this cost because the trial court failed to make the statutorily required inquiry into his ability to pay. See § 938.25, Fla. Stat. (2006). On remand, the trial court may reimpose this cost if it makes the necessary findings. See Floyd v. State, 952 So.2d 529, 531 (Fla. 2d DCA 2006); Glover v. State, 921 So.2d 846, 847 (Fla. 2d DCA 2006); Gunn v. State, 818 So.2d 681, 681 (Fla. 4th DCA 2002).
Finally, Webster asserts that the $373 in court costs should be stricken because the record does not contain a precise citation to the statutory authority for imposition of the costs. See Sutton v. State, 635 So.2d 1032, 1033 (Fla. 2d DCA 1994). The trial court's written Monetary Obligations Order, however, cites specific statutory provisions and a local ordinance. Thus, we affirm as to this cost.
Accordingly, we affirm Webster's judgments and sentences, strike the $150 public defender fee and the $100 Florida Department of Law Enforcement cost, and remand for further proceedings consistent with this opinion.
Affirmed in part, reversed in part, and remanded.
FULMER and WHATLEY, JJ., Concur.