CRENSHAW, Judge.
 

 Destanee Thiemann appeals her judgments and sentences for sale or delivery of a controlled substance and possession of a controlled substance. Except as to one cost, we affirm her judgments and sentences without comment. However, because we find the trial court improperly
 
 *1289
 
 imposed a cost for the public defender, we reverse and remand for further proceedings.
 

 During Thiemann’s sentencing, the trial court orally announced the imposition of $100 in costs for the public defender, yet the written final judgment assessed $500 for public defender attorney’s fees in accordance with section 938.29(l)(a), Florida Statutes (2007).
 
 [1]
 
 The State concedes this was error.
 

 We agree that the trial court erred because the sentencing document must conform to the trial court’s oral pronouncement.
 
 See Nash v. State,
 
 958 So.2d 471, 472 (Fla. 2d DCA 2007);
 
 Piper v. State,
 
 520 So.2d 320 (Fla. 2d DCA 1988). We also note that the trial court failed to inform Thiemann of her right to a hearing to contest the amount of the public defender’s fee.
 
 See Nash,
 
 958 So.2d at 472;
 
 Miller v. State,
 
 912 So.2d 1282, 1283 (Fla. 2d DCA 2005). Therefore, we reverse the public defender’s fee assessment. On remand, Thiemann shall have thirty days from the date of our mandate to file a written objection to the amount assessed pursuant to
 
 Nash
 
 and
 
 Miller.
 
 If an objection is filed, the court shall conduct a hearing; otherwise, the court may reimpose the public defender’s fee in the amount of $100 without a hearing.
 

 Affirmed in part, reversed in part, and remanded with directions.
 

 SILBERMAN and MORRIS, JJ., Concur.
 

 [1]
 

 . Thiemann preserved this issue by filing a motion to correct sentencing error in accordance with Florida Rule of Criminal Procedure 3.800(b)(2), which the trial court denied.