LAMBERT, J.
The sole issue raised on appeal is whether the trial court erred in denying Appellant’s timely motion to correct sentencing error filed pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). Finding that the trial court erred in failing to hold a hearing on Appellant’s objection to the imposition of a public defender fee lien and that the trial court lacked jurisdiction dur *1083 ing the pendency of this appeal to amend Appellant’s judgment and sentence, increasing Appellant’s cost of prosecution fee, we reverse.
After a jury trial, Appellant was convicted of possession of cannabis in excess of 20 grams and was sentenced the same day to serve 14 months in the Department of Corrections.[1] Pursuant to section 938.27(8), Florida Statutes (2013), the court imposed the minimum $100 charge against Appellant for the cost of the prosecution but reserved jurisdiction to assess additional “costs of prosecution, costs of investigation” at a later date, which is permissible upon a showing of sufficient proof of higher costs incurred. Appellant, who was represented by the public defender’s office, was also ordered to pay a $500 public defender’s fee. See § 938.29, Fla. Stat. (2013).
Appellant timely filed a notice of appeal. Shortly thereafter, the trial court held a hearing and by order dated December 12, 2013, assessed an additional $2,139.42 against Appellant for the “costs of prosecution” and sua sponte reduced Appellant’s 14-month prison sentence to 364 days in the county jail. Appellant filed an “amended” notice of appeal. The State did not cross-appeal.
Appellant then filed in the trial court a motion to correct sentencing error. In his motion, Appellant requested that the trial court (1) strike the additional cost of prosecution charges, (2) reduce the $500 public defender’s fee, which was imposed as a lien, to $100, and (3) amend his 364-day jail sentence nunc pro tunc to November 21, 2013, the date of his original sentence. In response, the State argued that the order modifying the original judgment and sentence was a nullity because the trial court lacked jurisdiction to enter the order after the notice of appeal was filed. The State asserted that the motion should therefore be denied because there was “nothing to correct.” The court denied the motion.
We find that the trial court erred when, during the pendency of this appeal, it modified the original judgment and sentence to increase the cost of prosecution charge. Exclusive jurisdiction vested in the appellate court once the notice of appeal was filed, and the trial court lacked jurisdiction to conduct a hearing to assess additional costs or fees. Woods v. State, 879 So.2d 651, 655 (Fla. 5th DCA 2004). We therefore vacate the December 12, 2013 order modifying the original judgment and sentence, strike the assessment of the additional costs of prosecution without prejudice, and remand for an eviden-tiary hearing. Additionally, while Appellant’s 364-day jail sentence was invalidly imposed, because the State failed to appeal that sentence and Appellant has now served it to completion, the issue is moot, and the trial court is precluded from reimposing the original 14-month prison sentence. See Maybin v. State, 884 So.2d 1174, 1175 (Fla. 2d DCA 2004).
Lastly, we reverse that part of the order denying the motion to correct sentencing error regarding the imposition of the $500 public defender’s fee. The trial court imposed this obligation without fully complying with section 938.29(l)(a), Florida Statutes (2013), and Florida Rule of Criminal Procedure 3.720(d)(l)-(2). Section 938.29(l)(a), Florida Statutes, provides that a defendant who is represented by the public defender’s office shall be charged no less than $100 in attorney’s fees and costs per case when a felony offense is charged, *1084 and “[t]he court may set a higher amount upon a showing of sufficient proof of higher fees or costs incurred.” § 938.29(l)(a), Fla. Stat. (2018). Florida Rule of Criminal Procedure 8.720(d) provides that, at the time of sentencing, the court must give the defendant notice of the right to contest the amount of the lien. Fla. R. Crim. P. 3.720(d)(1). The rule provides further that if the defendant “requests a hearing to contest the amount of the lien, the court shall set a hearing date within 30 days of the date of sentencing.” Fla. R. Crim. P. 3.720(d)(2). Here, the trial court complied with rule 3.720(d)(1) by advising Appellant at sentencing of his right to contest the public defender lien. However, Appellant objected to the imposition of the lien. At that point, the court was required to set a hearing within 30 days. See id. Because it did not, the court erred by imposing the enhanced fee at the sentencing hearing.[2] Therefore, we strike the $500 public defender’s fee without prejudice and remand for an evidentiary hearing to consider the imposition of fees and costs in excess of $100, if any. Lake v. State, 159 So.3d 306 (Fla. 5th DCA 2015).
REVERSED and REMANDED for further proceedings. December 12, 2013 order modifying judgment and sentence VACATED.
PALMER and EVANDER, JJ., concur.

. Appellant was also convicted of a separate misdemeanor charge that is not at issue in this appeal.

. Appellant preserved this issue for appeal by filing the motion to correct sentencing error. Bruno v. State, 960 So.2d 907 (Fla. 2d DCA 2007).